LEMMON, Judge.
Mrs. John Favalora has appealed from a judgment condemning her husband to pay her $20.00 per week in alimony pendente lite and $50.00 per week for support of their two-year old son. The principal issue on appeal is the adequacy of the alimony award judged against the standards of C.C. art. 148.
Mr. Favalora, who had been working for 13 years as a butcher in a grocery store owned by his father, testified he had earned gross wages of $220.00 per week for the last three years, that he had also received a $1,000.00 Christmas bonus each year, and that he had earned an additional $50.00 per week working in his father’s oyster business *174 six to eight months each year.[1] Thus, he has admitted his gross monthly earnings average almost $1,200.00.
Between the December, 1976 separation and the June, 1978 trial of the rule Mr. Favalora contributed $50.00 per week toward the support of his child, but paid nothing whatsoever toward his obligation to support his wife. At time of trial Mrs. Favalora was earning a net salary of $420.00 per month as a cashier for a finance company.
The trial court found as a fact that “Mr. Favalora earns income at this time in excess of $1,092.00 a month” and fixed alimony at $20.00 per week, in addition to setting the child support obligation at the rate he had been paying for 19 months.[2]
Mrs. Favalora first contends that the record establishes her husband’s earnings far exceed $1,092.00 per month. She argues that his statement of earnings is suspect, since he admitted all of the earnings are paid in cash, he is current in payment of his debts, he bought furniture for $4,300.00 after their separation, and he bought a 1978 Cadillac Coupe de Ville for $14,300.00 (on monthly installments of $346.00) one month before trial. Also she points out that he stated in his application for financing in connection with the automobile purchase (repudiated by him in his testimony) that his monthly income was $4,000.00 and that he was part owner of the food store.
The trial court’s finding of monthly income, although mathematically incorrect and amounting to less than Mr. Favalo-ra’s admitted earnings, must be viewed as accepting the fact that Mr. Favalora’s only income was that admitted in his testimony. Such a finding was properly the function of the trial court and is entitled to great weight. Moreover, Mrs. Favalora did not suggest anywhere in her testimony that her husband earned more than $1,200.00 per month during the two years that they lived together. Accordingly, we accept that Mr. Favalora had an average monthly gross income of $1,200.00.
Mrs. Favalora next contends that the alimony award was an abuse of discretion in view of her needs and her husband’s means. She emphasizes the fact that while living together she and her husband owned a $50,-000.00 home (which was sold after the separation and the small equity divided), had a housekeeper that they paid $15.00 per day, and went on a vacation each of their two years of marriage. By comparison she now lives with her mother, sharing a bedroom with her two children (one from this marriage) and living in the den.
C.C. art. 148 contemplates that the “sum for her support, proportioned to her needs and the means of her husband” shall be a sum sufficient to maintain the wife in a style comparable to that which she enjoyed prior to the separation, as limited by the husband’s resources. In the present case the evidence clearly establishes that the wife is not living in a style remotely comparable to that which she enjoyed prior to the separation, and the determinative issue in reviewing the alimony award is whether the meagerness of the sum awarded is justified in view of the husband’s “means”.
Even when Mr. Favalora’s income is accepted as $1,200.00 per month, the alimony awarded his wife is only 7% of that amount. Moreover, in the determination of Mr. Fa-valora’s means or resources the fact that he enjoyed free lodging (in an apartment complex owned by his father) and free meals (in his mother’s home) should be considered as part of his total financial picture, at least to the extent of recognition that no expendi *175 tures from his earnings are required for these items. Finally, when it is considered that his overall resources are sufficient to permit him to pay $346.00 each month in car notes on a luxury automobile and remain current in his monthly obligations, the sum of $86.67 per month for support of his wife (or the total amount of $303.00 per month for support of his wife and child) can hardly be justified.
An award of alimony in the sum of $75.00 per week is clearly justified by the evidence, in addition to the $50.00 per week in child support (which is substantially uncontested on appeal).
Accordingly, the judgment of the trial court is amended to increase the award of alimony pendente lite to $75.00 per week. In all other respects the judgment is affirmed.

AMENDED AND AFFIRMED.

. The calculation of gross annual income according to this testimony is:
$11,440.00 ($220.00 X 52 weeks)
1,000.00 bonus
1,700.00 ($50.00 X 34 weeks)
$14,140.00 (or $1,178.00 per month)

. The trial court’s finding of monthly income was probably based on a mathematically incorrect calculation. Mr. Favalora mistakenly stated he reported gross income on his 1977 income tax return in the amount of $14,307.29 (the attached W-2 forms show that about $2,600.00 of this amount was his wife’s earnings with the U.S. Department of Agriculture), and one-twelfth of this amount is $1,192.00.
The sum of $1,092.00 was also considerably below the earnings admitted in testimony.